**UNITED STATES DISTRICT COURT**

**MIDDLE DISTRICT OF LOUISIANA**

| | |
|---|---|
| **KELDA PRICE WELLS, ET AL** | **CIVIL ACTION** |
| **VERSUS** | **NUMBER 11-00016-RET-DLD** |
| **U.S. DEPARTMENT OF EDUCATION, OFFICE FOR CIVIL RIGHTS** | |

## MAGISTRATE JUDGE'S REPORT

Plaintiffs, appearing *pro se,* bring this action against the U.S. Department of Education ("DOE") and Office for Civil Rights ("OCR"). The court granted plaintiffs' request to proceed *in forma pauperis* pursuant to 28 U.S.C. §1915, and now reviews the claims brought by plaintiffs in their complaint.

Plaintiffs filed this lawsuit against defendants on January 10, 2011, alleging violations of the Freedom of Information Act ("FOIA"), failure to enforce the provisions of the "1964 Civil Rights Act," and the "No Child Left Behind Act." Plaintiffs state that since May 27, 2010, they have made FOIA requests for materials in "16-432-10, 06-101295, 10-01261," and "other cases being ignored" by the DOE and OCR, and complains that "witnesses in those matters, Hispanics, and Willis Jones, Glenda Lang, Kim Brown" were not interviewed. (rec. doc. 1)

In support of their complaint, plaintiffs attach a document entitled "Office for Civil Rights Consent Form" signed by the plaintiffs and various other individuals, and dated August 29, 2009. Typed or handwritten on that form is the following:

> We, residents living at 2575 Gardere Lane in Baton Rouge, Louisiana make this complaint of the disparit (sic) treatment our minor children are recieving (sic) having to catch bus over a mile away from home and having to move onto a dangerous highway to do so. 4,5, and 6 year olds and up are not to do

> that when they have been catching bus in their trailer park for years. Santa Rosa is new and too far for minors to trek. I don't believe white kids would be asked to risk their lives like this.
>
> No white students have been made to be place (sic) in danger this way.

Specifically, plaintiffs request that this court:

1. Order the DOE to "perform its administrative and legal duties;"

2. Order the OCR/DOE to "competently investigate complaints submitted by plaintiffs and other in Baton Rouge, LA;"

3. Order DOE/OCR to "produce materials confirming investigation;" and

4. Order DOE/OCR to "compensate plaintiffs for distress their inaction led to more injuries and further oppression of minor children."

(rec. doc. 1, pg 3)

Pursuant to 28 U.S.C. §1915(e), this Court is authorized to dismiss an action brought *in forma pauperis* if satisfied that the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. See G*reen v. McKaskle*, 788 F.2d 1116 (5th Cir. 1986). An *in forma pauperis* suit is properly dismissed as frivolous if the claim lacks an arguable basis in either fact or in law. *Denton v. Hernandez*, 504 U.S. 25, 112 S.Ct. 1728, 118 L.Ed.2d 340 (1992), *citing Neitzke v. Williams*, 490 U.S. 319, 109 S. Ct. 1827, 104 L.Ed.2d 338 (1989); *Hicks v. Garner*, 69 F.3d 22 (5th Cir. 1995). The court has broad discretion in determining the frivolous nature of a complaint. *Booker v. Koonce*, 2 F.3d 114 (5th Cir. 1993). This discretion includes not only the "authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the

complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." *Neitze,* at 327. A §1 915(e) dismissal may be made at any time before or after service of process and before or after an answer is filed. *Green v. McKaskle*, supra. In addition, 28 U.S.C. § 1915(e) provides that a court shall review, as soon as practicable after docketing, a newly filed complaint and shall dismiss same, or any portion of same, if the court determines that the complaint is "frivolous, malicious, or fails to state a claim upon which relief may be granted."

## *GOVERNING LAW AND ANALYSIS*

### *FOIA Claim*

As an initial matter, the court finds that the suit should be dismissed for failure to state a claim upon which relief may be granted because plaintiffs have failed to "reasonably describe" the records they sought through their alleged FOIA requests to either the DOE or the OCR, which is required by FOIA.[1] 5 U.S.C. § 552(a)(3) Plaintiffs are aware of this requirement in that they filed previous FOIA claims against the Department of Education, which were dismissed without prejudice, in part, for failing to reasonably describe the records they sought in their FOIA requests. *See Wells v. U.S. Dep't of Educ.*, 2009 WL 2475434 (M.D. La. August 12, 2009)

Also, to the extent that plaintiffs seek compensation for their FOIA claims, FOIA only allows plaintiffs "the potential for injunctive relief, *i.e.*, either to enjoin the withholding of documents or to compel production of agency records. *Id.* As plaintiffs have not

---

[1] A FOIA action may also be dismissed for failure to state a claim if the plaintiff does not specify in the complaint whether or not the requested documents were "agency records" which were improperly withheld. *See, e.g. Friedman v. United States*, 2003 WL 1460525 (S.D.NY 2003)

reasonably described the records they sought, the potential for injunctive relief cannot be addressed at this time.

Moreover, FOIA "implicitly requires a claimant [plaintiff] to exhaust administrative remedies" prior to filing suit. *Hedley v. United States*, 594 F.2d 1043, 1044 (5th Cir. 1979). Also, plaintiff must present proof that he has actually exhausted his administrative remedies,[2] and exhaustion occurs when he "files a proper request with the appropriate agency and appeals any adverse determinations administratively."[3] However, plaintiff "may also seek judicial review if he shows constructive exhaustion of his administrative remedies. *Oglesby*, at 62. Constructive exhaustion occurs if the DOE or OCR does not respond to a proper FOIA request within 20 days by notifying plaintiff of "its decision to comply with the request, the reasons for such decision," and of the right to appeal that decision. *Id.*, at 61. Constructive exhaustion only lasts up until the time DOE or OCR responds to the request, however. *Id*. As plaintiffs have failed to allege in their complaint that they actually or constructively exhausted their administrative remedies under FOIA, they have failed to state a claim upon which relief may be granted, and their FOIA claims also should be dismissed on this basis.[4]

## *No Child Left Behind Act*

The No Child Left Behind Act ("NCLBA") of 2001, 20 U.S.C. § 6301 *et.seq.*, was enacted "to ensure that all children have a fair, equal, and significant opportunity to obtain

---

[2] *See Thomas v. U.S. Dep't of Justice*, 260 Fed. Appx. 677, 689 (5th Cir. 1977).

[3] *See Oglesby v. U.S. Dep't of Army*, 920 F.2d 57, 61 (D.C. Cir. 1990); *Wells v. U.S. Dep't of Educ., et al.*, 2009 WL 2475434, at *2 (M.D. La. August 12, 2009)

[4] *See Wells*, at *2, *citing to Almy v. United States Department of Justice*, 114 F.3d 1191 (7th Cir.1997), *citing Scherer v. Balkema*, 840 F.2d 437, 443 (7th Cir.), *cert. denied*, 486 U.S. 1043 (1988); *Amsinger v. I.R.S.*, 2008 WL 2845603 (E.D.Mo.2008)(dismissing a plaintiff's FOIA complaint pursuant to 28 U.S.C. § 1915(e) for failure to state a claim where the plaintiff failed to allege in his complaint that "he exhausted his remedies under FOIA").

a high-quality education and reach, at a minimum, proficiency on challenging state academic achievement standards and state academic assessments." 20 U.S.C. §6301. The Act focuses "on the entity regulated and does not confer a benefit or entitlement upon an individual, as Title VI and Title IX, for example, do by providing that 'no person ... shall be subjected to discrimination.'" *Fresh Start Academy v. Toledo Bd. Of Educ.*, 363 F.Supp.2d 910, 916 (N.D.Ohio 2005). This is also evidenced by the fact that the Act contains its own enforcement provision, which authorizes the Secretary of Education to withhold funds from states that fail to comply with the provisions of the Act. 20 U.S.C. § 6311(g)(2). Thus, the Act does not provide a private right of action, and "without [statutory intent], a cause of action does not exist and courts may not create one, no matter how desirable that might be as a policy matter, or how compatible with the statute." *Alexander v. Sandoval*, 532 U.S. 275, 286-287, 121 S.Ct. 1511, 149 L.Ed. 2d 517 (2001). Thus, plaintiffs' NCLBA claims should be dismissed under § 1915(e) for failure to state a claim upon which relief may be granted.

### *Title VII of the Civil Rights Act of 1964*

> Plaintiffs' complaint states that:
>
> Children not interviewed or school visited with white and black and Hispanic students, teachers, and parents interviewed or questioned even though names, phone numbers and addresses listed. Medical records showing injuries sustained at school ignored and not investigated, neither in incidents of neglect and abuse of African American students presented to U.S. Department of Education's Office of Civil Rights. DOE/OCR show lack of professionalism and lack of commensurate care in these existing situations and neglect when they have taken oath to defend the Constitution enforcing the Civil Rights Acts and No Child Left Behind Acts as well as Title VII and Title One.

(rec. doc. 1, pg. 2)

Title VII of the Civil Rights Act of 1964 concerns employment discrimination claims. 42 U.S.C. §§ 2000e, *et seq.*[5] Thus, plaintiffs first must show that they were employees of one of the defendants, which plaintiffs have not alleged; thus, their claims must be dismissed under § 1915(e) for failure to state a claim upon which relief may be granted.

***"Title One" Claims***

Plaintiffs have failed to allege what their "Title One" claims are, or how either defendant violated their rights under "Title One." It appears in the complaint that plaintiff alleges violations of Title I of the Civil Rights Act (1991), more commonly known as 42 U.S.C. § 1981. In pertinent part, § 1981 provides that "[a]ll persons within the jurisdiction of the United States shall have the same right ... to make and enforce contracts ... and to the full and equal benefit of all laws ... as is enjoyed by white citizens." 42 U.S.C. § 1981(a). Congress intended § 1981 "to protect from discrimination identifiable classes of persons who are subjected to intentional discrimination solely because of their ancestry or ethnic characteristics." *Saint Francis College v. Al-Khazraji*, 481 U.S. 604, 613, 107 S.Ct. 2022, 2028, 95 L.Ed.2d 582 (1987).

Plaintiffs' complaint fails to raise any allegations that their rights to the full and equal benefit of any law was violated as they have failed to state any facts regarding intentional discrimination;[6] thus, their claims under Section 1981 must be dismissed for failure to state a claim upon which relief may be granted.

---

[5] Specifically, Title VII of the Civil Rights Act of 1964 ("Title VII") prohibits discrimination in hiring, promotion, discharge, pay, fringe benefits, job training, classification, referral, and other aspects of employment, on the basis of race, color, religion, sex or national origin. 42 U.S.C. § 2000e-2(a)(1).

[6] The court presumes that the plaintiffs are not alleging that they were unable to make or enforce any contract; thus, the only other area which may be covered by Section 1981 would be plaintiffs' rights to the full and equal benefits of any law.

## *CONCLUSION*

For the above reasons, it is the recommendation of the magistrate judge that this lawsuit be **DISMISSED**, without prejudice, for failure to state a claim upon which relief may be granted, pursuant to 28 U.S.C. § 1915(e).

Signed in Baton Rouge, Louisiana, on .May 9, 2011

**MAGISTRATE JUDGE DOCIA L. DALBY**

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

KELDA PRICE WELLS, ET AL            CIVIL ACTION

VERSUS            NUMBER 11-00016-RET-DLD

U.S. DEPARTMENT OF EDUCATION,
OFFICE FOR CIVIL RIGHTS

## NOTICE

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the U.S. District Court.

In accordance with 28 U.S.C. §636(b)(1), you have 14 (fourteen) days from date of receipt of this notice to file written objections to the proposed findings of fact and conclusions of law set forth in the Magistrate Judge's Report. A failure to object will constitute a waiver of your right to attack the factual findings on appeal.

**ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.**

Signed in Baton Rouge, Louisiana, on May 9, 2011.

           MAGISTRATE JUDGE DOCIA L. DALBY